IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Robert Reece, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| | : |
| v. | : **COMPLAINT AND DEMAND FOR** |
| | : **JURY TRIAL** |
| Medicredit, Inc.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Robert Reece, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.     Plaintiff, Robert Reece ("Plaintiff"), is an adult individual residing in Cowpens, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and is a "person" as defined by 47 U.S.C.A § 153(39).

5.	Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri business entity with an address of 3620 Interstate 70 Drive Southeast, Columbia, Missouri 65201, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "person" as defined by 47 U.S.C.A § 153(39)

6.	Does 1-10 (the "Collectors") are individual collectors employed by Medicredit and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.	Medicredit at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A. **The Debt**

8.	Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.	The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.	The Debt was purchased, assigned or transferred to Medicredit for collection, or Medicredit was employed by the Creditor to collect the Debt.

11.	Medicredit attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Medicredit Engages in Harassment and Abusive Tactics**

12.	Within the last year, Medicredit contacted Plaintiff in an attempt to collect the Debt.

13.	Medicredit called Plaintiff at an annoying and harassing rate placing daily calls to Plaintiff.

2

14. At all times mentioned herein, Medicredit placed calls to Plaintiff's cellular telephone, number 864-xxx-2944, by using an automated telephone dialer system ("ATDS" or "predictive dialer").

15. When Plaintiff answered the phone, he was met with a period of silence before being connected to a live representative.

16. On some occasions, after answering the phone, Plaintiff was instructed by an automated voice to hold for the next representative.

17. Plaintiff requested that all calls to him cease and expressly revoked permission for Medicredit to continue calling.

18. Nonetheless, Medicredit continued placing calls to Plaintiff.

19. Medicredit threatened to take legal action against Plaintiff if he did not pay the Debt.

20. Medicredit further threatened to seek to recoup the Debt by receiving funds directly out of Plaintiff's disability check.

21. Plaintiff requested that Medicredit provide a written letter informing Plaintiff of his rights pertaining to the Debt.

22. Medicredit failed to send Plaintiff the letter as requested by Plaintiff and as it is required by law.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –
15 U.S.C. § 1692, *et seq*.**

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action that could not legally be taken or that was not intended to be taken.

27.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

28.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

<u>**COUNT II**</u>

<u>**WRONGFUL INTRUSION INTO PRIVATE AFFAIRS**</u>

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     South Carolina state law recognizes Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, Defendants violated South Carolina state law.

33. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to his cellular telephone after Plaintiff requested calls to cease.

34. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

35. The conduct of Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

37. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. At all times mentioned herein and within the last four years, Defendants called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

40. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

41. Defendants' telephone systems have all the earmarks of a Predictive Dialer.

42. Often times when Plaintiff answered the phone, Defendants' telephone system did not connect the call to a live representative and the phone system would terminate the call.

43. Often times when Plaintiff answered the phone, he was met with a period of silence before Defendants' telephone system would connect him to the next available representative.

44. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

45. Defendants at one time had consent to contact Plaintiff on his cellular telephone, however Plaintiff revoked his consent by his demands to cease calls to his cellular telephone.

46. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

6

47. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

48. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

49. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
5. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

    6. Punitive damages; and

    7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 7, 2016

        Respectfully submitted,

        By _____
        Brian J. Headley, Esquire
        District of South Carolina Bar I.D. No. 11427
        Headley Law LLC
        1156 Bowman Rd., Suite 200
        Mount Pleasant, SC  29464
        bjheadley@yahoo.com
        bheadley@lemberglaw.com
        Telephone: (843) 375-6181
        Facsimile: (843) 375-6185